a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RAKESHKUMAR RATHOD,                    CIVIL ACTION NO. 1:20-CV-161-P
Petitioner

VERSUS                                 JUDGE DRELL

WILLIAM BARR, *ET AL.*,                MAGISTRATE JUDGE PEREZ-MONTES
Respondents

---

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Emergency Motion for Temporary Restraining Order (ECF No. 9) filed by Petitioner Rakeshkumar Rathod ("Rathod") (A216428286).  Rathod is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE").   He is being detained at the LaSalle Detention Center in Jena, Louisiana.  Rathod challenges his continued detention pending removal.  ECF No. 1.  He also asks that the Court enjoin his removal and his transfer him to another facility.  ECF No. 9.

Because Rathod cannot show that he has been in custody in excess of the presumptively reasonable six-month period and that there is no significant likelihood of removal in the reasonably foreseeable future, and because this Court lacks jurisdiction over Rathod's request to stay his removal, his Petition (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE to refiling should his confinement become unconstitutional.  The Emergency Motion for Temporary Restraining Order (ECF No. 9) should be DISMISSED for LACK OF JURISDICTION.

I.      Background

Rathod alleges that he is a native and citizen of India, who came to the United States on a B-1/B-2 visa.  ECF No. 1 at 5.  Rathod overstayed his visa and remained in the United States.  *Id.*

Rathod was arrested for illegal gambling, and pleaded guilty to keeping a gambling place.  *Id.* at 6.  Rathod was sentenced to six months of probation.  *Id.*

A notice to appear was issued to Rathod alleging that he did not have authorization to remain in the United States.  Rathod requested a bond, but the request was denied.  *Id.*

On March 8, 2019, an immigration judge ordered Rathod removed to India.  *Id.* Rathod alleges that he appealed to the Board of Immigration Appeals ("BIA"), but the appeal was dismissed on August 30, 2019.  *See* ECF No. 1 at 6.

ICE issued a decision to continue Rathod's detention in December 2019.  *See* ECF No. 1-2 at 34.

Rathod alleges that his detention became mandatory after his removal order became final in August 2019, "which is nearly six months ago."  ECF No. 1 at 7. Rathod claims his detention is prolonged under *Zadvydas v. Davis*, 533 U.S. 678 (2001) and *Demore v. Kim*, 538 U.S. 510 (2003).  ECF No. 1.

II.     Law and Analysis

Under *Zadvydas*, it is presumptively constitutional for an alien to be detained for six months following a final order of removal.  533 U.S. at 701.  After the expiration of the six-month period, an alien may seek his release from custody by demonstrating

a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

In *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006), the United States Court of Appeals for the Fifth Circuit Court reiterated that the Supreme Court's holding in *Zadvydas* creates no specific limits on detention. In fact, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 543 (citing *Zadvydas*, 533 U.S. at 701). The alien bears the initial burden of proof to show that no such likelihood of removal exists. *Id.*

Rathod's order of removal became final in August of 2019, when the BIA affirmed the order. *See* 8 U.S.C. § 1101(47)(B) (an order of removal "shall become final upon the earlier of--(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals"); *see also Agyei-Kodie*, 418 F. App'x at 318 ("The removal order became administratively final on October 8, 2010, when the Board of Immigration Appeals dismissed the appeal of the immigration judge's decision."); *Francis v. Holder*, 14-CV-0168, 2014 WL 4207593, at *3 (W.D. La. Aug. 25, 2014) ("Francis's removal order became final on January 31, 2014, when the Board of Immigration Appeals dismissed his appeal.").

Rathod's Petition was filed before the expiration of the six-month presumptively reasonable removal period. *See* ECF No. 1 at 8. Therefore, Rathod's

challenge to his continued post-removal order detention is premature. *See Agyei-Kodie*, 418 F. App'x at 318 (citing *Zadvydas*, 533 U.S. at 701); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (six-month period must have expired at the time § 2241 petition was filed in order to state a claim under *Zadvydas*); *Kaijage v. Johnson*, 3:19-CV-294, 2019 WL 2290001, at *2 (N.D. Tex. Apr. 17, 2019), *report and recommendation adopted*, 2019 WL 2287858 (N.D. Tex. May 29, 2019).

Moreover, Rathod has provided no factual allegations indicating that his removal is not likely to occur in the reasonably foreseeable future. To the contrary, Rathod claims that his removal is likely imminent. ECF Nos. 1, 9.

Rathod's reference to *Demore v. Kim* is inapposite, as the petitioner in that case challenged his pre-removal order detention. A removal order has been issued in Rathod's case. ECF No. 1.

Rathod asks the Court to enjoin ICE from transferring him to another facility. Claims regarding prison transfers are generally not cognizable under § 2241. *Greenhill v. Menifee*, 202 F. App'x 799, 800 (5th Cir. 2006) (claim not cognizable under § 2241 because prisoners lack a constitutionally protected interest in where they are incarcerated); *Perez-Rodriguez v. Holt*, 439 F. App'x 127, 129-30 (habeas petition seeking a transfer properly dismissed where the transfer would not impact the calculation of either the state or federal sentence); *Zapata v. United States*, 264 F. App'x 242, 243-44 (3d Cir. 2008) (district court lacked jurisdiction over a § 2241 petition that challenged a transfer). Moreover, Rathod does not have a right to be housed in any particular facility, nor does this court have the authority to order the

ICE to house Rathod in any particular facility. *See Woldegiorgise v. Immigration & Customs Enf't*, 1:12-CV-02778, 2013 WL 664160, at \*2 (W.D. La. Jan. 23, 2013), *report and recommendation adopted*, 2013 WL 672388 (W.D. La. Feb. 22, 2013).

Rathod also ask the Court to enjoin his removal from the United States while his application for a U-visa is pending. ECF Nos. 1, 9. However, the filing of a petition for a U–visa has no effect on ICE's authority to remove an alien pursuant to a final removal order. *See* 8 C.F.R. § 214.14. Although a stay of removal pending a decision on an application for a U–visa is provided for in § 214.14(1)(ii), a request for stay of removal must be filed with the district director of ICE as provided in 8 C.F.R. 241.6 and 8 C.F.R. 1241.6,[1] rather than the district court.

## III.  Conclusion

Because Rathod cannot show that he has been in custody in excess of the presumptively reasonable six-month period and that there is no significant likelihood of removal in the reasonably foreseeable future, and because the Court cannot stay Rathod's removal, IT IS RECOMMENDED that Rathod's § 2241 Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE to refiling should his confinement become unconstitutional.

IT IS FURTHER RECOMMENDED that Rathod's Emergency Motion for Temporary Restraining Order (ECF No. 9) be DISMISSED for LACK OF JURISDICTION.

---

[1] Section 1241.6 provides: "(a) An alien under a final order of deportation or removal may seek a stay of deportation or removal from the Department of Homeland Security as provided in 8 CFR 241.6."

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __5th__ day of March 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

6